OPINION OF THE COURT
Robert F. Doran, J.
Is a construction financing consultant entitled to file a mechanic’s lien under Lien Law § 3 for fees incurred in connection with obtaining a construction loan at the request of a landowner for purposes of constructing improvements upon the real property of the landowner? The court answers the question in the negative.
In 1989, the defendant contacted plaintiff Atkinson for the purpose of retaining his construction financing consulting *972 services. The defendant had been unsuccessful in obtaining financing for the expansion of his pizza business located on Princetown Road in Rotterdam, New York. It was agreed that Mr. Atkinson would receive 1% of the amount of any loan procured by him. As time went on, plaintiff Atkinson found a bank that was willing to give construction financing provided there was an entity who agreed to the permanent financing of the project. Plaintiff Atkinson talked with plaintiff Elasser who was doing business as Absolute Financial Services. Mr. Elasser stated that he could help with the permanent financing, and indeed, he did. It is alleged that Atkinson informed the defendant that he had the permanent financing. Plaintiff Atkinson also alleges that the defendant agreed to pay the fee to be charged by Absolute Financial Services. That fee was also to be 1% of the loan. The loan was closed on December 31, 1990.
The plaintiffs sued for their fees after the defendant refused to pay them. Plaintiffs take the position that they are laborers within the intent of Lien Law § 2 (11). The plaintiffs allege that because they are laborers as defined by the Lien Law they are entitled to a lien under Lien Law § 3. The court holds to the contrary.
The court, moreover, does not view the plaintiffs as improving the real property in question. Lien Law § 2 (4) has been expanded over the years to include not only the normal type of labor and materials that go into building improvements, but also now allows architects to have a lien for their drawings and specifications and real estate brokers to have a lien for certain leases obtained on commercial property. The court notes that no specific amendment has been made to the Lien Law to allow financial consultants who obtain financing to have a lien.